**Ramon ALVAREZ, Plaintiff–Appellant,**

v.

**Linda LISCUM,\* Defendant–Appellee.**

No. 01–302.

United States Court of Appeals,
Second Circuit.

Feb. 23, 2004.

Nicole J. Leibman, Nixon Peabody, LLP, New York, N.Y., for Appellant.

Victor Paladino, Assistant Solicitor General of the State of New York, Albany, N.Y., for Appellees.

Present: POOLER, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's order be **AFFIRMED.**

Plaintiff-appellant Ramon Alvarez, an inmate with the New York Department of Correctional Services ("DOCS"), appeals from an order dated November 15, 2001 of the United States District Court for the Northern District of New York (Kahn, J.) dismissing at trial his claim under 42 U.S.C. § 1983 against Defendant-appellant Linda Liscum, a DOCS nurse. We assume the reader's familiarity with the underlying facts, procedural history, and specification of appellate issues, and hold as follows.

The district court's order granting judgment as a matter of law in favor of Liscum was not error. Alvarez's claim, which we review *de novo, Hernandez v. Keane,* 341 F.3d 137, 143 (2d Cir.2003), was predicated on Liscum's alleged failure to thoroughly examine him after an altercation with correctional officers and her alleged failure to obtain Motrin to relieve his hernia pain. Although Alvarez was scheduled to have surgery on his hernia four days after the incident, Liscum's failure to provide him with a mild pain-relief medication for one night fails to establish that she "acted with 'deliberate indifference' to [Alvarez's] serious medical needs." *Id.* at 144. Significantly, Alvarez's claim is predicated on the temporary interruption of otherwise adequate medical treatment; as such, this interruption was not sufficiently severe to establish an Eighth Amendment medical indifference claim. *See Smith v. Carpenter,* 316 F.3d 178, 186 (2d Cir.2003).

Although Alvarez claims that Liscum's decision to place him on suicide watch resulted in a four month delay in his hernia surgery, he put forward insufficient evidence from which a jury could conclude that the delay in surgery was attributable to that decision.

Finally, because we conclude that the injury alleged by Alverez is not sufficiently

---

\* The Clerk of Court should change the caption to reflect the dismissal of all the other defendants in this case.

serious to be cognizable as an Eighth Amendment deliberate indifference claim, we decline to reach the issue of whether Liscum disregarded an excessive risk to Alverez's health and safety by not conducting a more thorough examination of Alvarez following an physical altercation with correctional officers.

We therefore AFFIRM.